UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ANDERS ALM, *et al.*,

                       Plaintiffs,

     -against-

JEREMY SPENCE, *et al.*,

                       Defendants.
------------------------------------x

MEMORANDUM DECISION
AND ORDER

19 Civ. 4005 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

     Sixty Plaintiffs brought suit against Defendant Jeremy Spence, claiming that Spence committed investment fraud and misappropriated their funds. (First Am. Compl. ("FAC"), ECF No. 8.) Before this Court is Magistrate Judge Robert W. Lehrburger's December 15, 2022 Report and Recommendation, (the "Report," ECF No. 43), recommending that this Court award 19 Plaintiffs (the "Recovering Plaintiffs") (1) $418,687.78 in damages representing the collective sum of individual damages; (2) pre-judgment interest at the statutory rate of nine percent starting from November 28, 2018, as calculated by the Clerk of Court; (3) $695 in costs; and (4) post-judgment interest at the statutory rate as calculated by the Clerk of Court. (Report at 19.) The Report also recommends dismissing the case without prejudice as to (1) 33 Plaintiffs whose claims were fully extinguished by the restitution order in the related criminal case against Spence (the "Restitution Order") or have not further prosecuted their claims and (2) eight Plaintiffs who have failed to prosecute their cases by failing to appear after withdrawal of counsel. (*Id.*) No party has filed objections. Having reviewed the Report for clear error and finding no error aside from a minor damages modification, this Court ADOPTS the Report.

## I. FACTUAL ALLEGATIONS

Plaintiffs are individuals who invested in Defendant Spence's cryptocurrency investment funds, which were not registered with any appropriate regulatory bodies, and which Spence used to trade in his own name. (FAC ¶ 4.) Plaintiffs alleged that Spence committed investment fraud by soliciting investments in his funds and repeatedly lying to his investors about the large trading losses of the funds and the status of the Plaintiffs' withdrawals. (*See id.* ¶¶ 2, 9–14.) The Recovering Plaintiffs incurred net losses collectively in the amount of $392,863.94 from investing in Spence's Funds. (Report at 4.) Six of the Recovering Plaintiffs also alleged Spence misappropriated their investments by not returning their funds when the Initial Coin Offering ("ICO")[1] of startup EverMarkets was cancelled. Collectively, six Plaintiffs incurred losses of $25,793.84 from Spence's failure to return the funds invested in the EverMarkets ICO. (*See id.* at 4–5.) Spence pled guilty to commodities fraud and was sentenced to 42 months in prison and ordered to pay restitution of $2,847,743 on May 11, 2022. *United States v. Spence*, 21-CR-116 (S.D.N.Y. May 17, 2022); (*see also* Memo Endorsement, ECF No. 27).

Plaintiffs served Spence the FAC on September 18, 2019, (Aff. of Service, ECF No. 12), but Spence did not appear or answer, (*see* Clerk's Certificate of Default, ECF No. 18, at 2). This Court granted default judgment against Spence on October 28, 2020, (ECF No. 24), and referred this case to Magistrate Judge Lehrburger to conduct an inquest on damages, (Order of Reference to a Magistrate Judge, ECF No. 28).

The Court issued an order on July 19, 2022 requesting each of the Plaintiffs to submit evidence establishing their individual damages and the effect of the Restitution Order in the

---

[1] An ICO is akin to an initial public offering for a cryptocurrency project. ICOs serve as fundraisers for projects whereby instead of offering shares of stock to the public, persons issue a new cryptocurrency token specific to that ICO. (*See* Report at 4 n.4 (citing FAC ¶ 124).)

criminal case against Spence. (*See* Order, ECF No. 31.) From September to November 2022, Plaintiffs submitted such proof via three letters from counsel Jonathan J. Brennan on the status of their claims. (*See* "Brennan Letter," ECF No. 32; "Second Brennan Letter," ECF No. 39; "Third Brennan Letter," ECF No. 42.) On November 28, 2022, the Third Brennan Letter provided the final list of Plaintiffs still seeking recovery in this case. (Third Brennan Letter at 1–2.) It explained that 33 Plaintiffs had their claims fully extinguished by the Restitution Order or expressed desire to dismiss their claims altogether. (*Id.* at 2.) The Third Brennan Letter also detailed that an additional eight Plaintiffs withdrew from the case by failing to appear after counsel withdrew from the case. (*Id.*) Thus, only the remaining 19 Recovering Plaintiffs are entitled to receive damages in this inquest.

## II. LEGAL STANDARDS

### A. Reports and Recommendations

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a report and recommendation, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Liability and Damages for a Defaulting Defendant

All well-pleaded facts alleged in the complaint, except those relating to the amount of damages, must be accepted as true when a defendant defaults. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) ("It is an ancient common law axiom that a defendant who defaults thereby admits all well-pleaded factual allegations contained in the complaint."

3

(quotation marks and citation omitted)). However, the court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed." *SHLD, LLC v. Hall*, No. 15-CV-6225, 2017 WL 1428864, at *3 (S.D.N.Y. Apr. 20, 2017) (quotation marks and citation omitted).

After establishing liability, the plaintiff must provide admissible evidence establishing the amount of damages with reasonable certainty. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (in an inquest following a default, "[a] plaintiff must . . . substantiate a claim with evidence to prove the extent of damages"). A court can conduct an inquest into damages without an evidentiary hearing where there is a sufficient basis on which to make a calculation. *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015).

### III.   RECOVERING PLAINTIFFS ARE ENTITLED TO DAMAGES

#### A. Magistrate Judge Lehrburger Appropriately Determined Spence's Liability

The FAC lists several causes of action against Spence, including common law fraud, negligent misrepresentation, breach of fiduciary duty, breach of contract, conversion, and unjust enrichment. To demonstrate a sufficient legal basis of liability, Recovering Plaintiffs must establish Spence's liability for at least one of these claims.

Magistrate Judge Lehrburger appropriately determined that the FAC establishes Spence's liability for Plaintiffs' claims of fraud and conversion. For the fraud claim, Spence (1) misrepresented and omitted material fact in many instances; and (2) knew that his representations were false, as indicated by his confessions to his investors about his deceit. (FAC ¶¶ 121–22.) Plaintiffs had reasonably relied on these misrepresentations by investing their funds and holding off on withdrawals, resulting in a net loss of the Recovering Plaintiffs' funds. (*See* FAC ¶¶ 134–

4

37.) The FAC also demonstrated Spence's liability for conversion: (1) Spence interfered with the Plaintiffs' property, (2) in derogation of the Plaintiffs' rights when Spence did not honor the Plaintiffs' demands for withdrawals of their investments and did not return the EverMarkets ICO funds. (*See* Report at 13–14.)

### B. Magistrate Judge Lehrburger Appropriately Determined the Amount of Damages for Each of the Recovering Plaintiffs Aside from That of Charles Yoon

Magistrate Judge Lehrburger appropriately found that Recovering Plaintiffs provided sufficient evidence entitling them to damages. Plaintiffs provided evidence about their investments and net losses in the Funds and the cancelled EverMarkets ICO in the Jonathan J. Brennan Declaration and the declarations of each Recovering Plaintiff. (*See* Brennan Decl., ECF No. 21, ¶¶ 21–81; Third Brennan Letter at 1–2.) The Report noted that the total losses for Recovering Plaintiff Charles Yoon are $46,845.38 and calculated that the total losses combined for the Recovering Plaintiffs are $418,687.78. (Report at 17.) Based on the Third Brennan Letter and the Declaration of Charles Yoon, however, Yoon's total losses are $46,815.38. (*See* Yoon Decl., ECF No. 39-3, ¶¶ 26–27.) Therefore, Yoon will be awarded $46,815.38 in damages, and the collective sum for all Recovering Plaintiffs' damages is $418,657.78.

The Recovering Plaintiffs are also entitled to pre-judgment interest at the statutory rate of nine percent. Magistrate Judge Lehrburger appropriately applied New York law, which provides that pre-judgment interest "shall be recovered upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a). The statutory rate of pre-judgment interest prescribed by New York law is nine percent per annum. N.Y. C.P.L.R. § 5004. This Court also agrees with the Magistrate Judge's timeframe for calculating pre-judgment interest, which computes the start of the interest "from the earliest ascertainable date the cause of action existed[.]"

5

N.Y. C.P.L.R. § 5001(b). In this case, the pre-judgement interest will start from the date in which Spence first admitted his fraud: November 28, 2018. (*See* FAC ¶ 12.)

Recovering Plaintiffs are also entitled to recovering costs totaling $695 incurred for the court filing fee and process servers. *See* Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). Pursuant to Local Civil Rule 54.1(10), costs associated with docket fees and other miscellaneous fees, including process servers, are routinely awarded and may be recovered. *See, e.g.*, *Malletier v. Artex Creative Int'l Corp.*, 687 F. Supp. 2d 347, 364–65 (S.D.N.Y. 2010) (costs such as filing fees and other ancillary costs are "typically awarded when a defendant defaults"). As the prevailing parties by default, Recovering Plaintiffs seek recovery for the court filing fee ($400) and two process servers ($295). (Statement of Damages, ECF No. 22; Brennan Decl. ¶ 83.) Magistrate Judge Lehrburger thereby appropriately assessed that Recovering Plaintiffs can recover $695 in costs.

Finally, Recovering Plaintiffs are entitled to post-judgment interest at the statutory rate as calculated by the Clerk of the Court. Federal statute provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . [and] shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a). The Second Circuit has "consistently held that an award of post[-]judgment interest is mandatory." *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100 (2d Cir. 2004)); *see also* Report at 18–19 (citing same). Thus, the Report correctly found that post-judgment interest should be awarded.

### IV. OTHER PLAINTIFFS' CLAIMS ARE DISMISSED

Magistrate Judge Lehrburger properly dismissed the claims of the 33 Plaintiffs whose claims were fully extinguished by the Restitution Order or failed to further prosecute their claims.

To avoid the possibility of double recovery, Plaintiffs who received the full amount of their damages from the Restitution Order alone shall not receive any additional damages from this inquest on damages. (*See* Proposed Notice of Voluntary Dismissal of Certain Pls., ECF No. 32-18; Third Brennan Letter at 2.) Plaintiffs who failed to prosecute their claims are also not eligible for damages because they previously expressed intention to the Court to dismiss their case, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A). (*See* Third Brennan Letter at 2.)

Magistrate Judge Lehrburger also appropriately dismissed the claims of the eight Plaintiffs that were not prosecuted due to a lack of appearance after withdrawal of counsel. (*See id.* at 2.) After Magistrate Judge Lehrburger granted the Plaintiffs' request to withdraw as counsel for ten Plaintiffs ("Withdrawal Plaintiffs"), the Court directed Withdrawal Plaintiffs to appear by counsel or pro se, or else be deemed to have failed to prosecute their case and be unable to recover damages. (Order Granting Withdrawal of Counsel, ECF No. 38.) The Third Brennan Letter indicated that eight Plaintiffs did not appear after the withdrawal of counsel, (*see* Third Brennan Letter at 1–2), and therefore forfeited their right to relief.

## V. CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED with the modifications of Yoon's damages to $46,815.38 and the total sum of the Recovering Plaintiffs' damages to $418,657.78. The awarding of (1) $418,657.78 in the Recovering Plaintiffs' collective damages, (2) pre-judgment interest at the statutory 9% rate starting from November 28, 2018 to the date of judgment as calculated by the Clerk of the Court, (3) $695 in costs, and (4) post-judgment interest at the statutory rate as calculated by the Clerk of Court is GRANTED.

The cases of the 33 Plaintiffs whose claims were fully extinguished by the Restitution Order or have not further prosecuted their claims in this action, and the cases of the eight Plaintiffs

who have failed to prosecute their cases by failing to appear after withdrawal of counsel, are DISMISSED without prejudice.

    The Clerk of Court is directed to close this action.

Dated: June 13, 2023
       New York, New York

                          SO ORDERED.

                          *George B. Daniels*
                          GEORGE B. DANIELS
                          United States District Judge